UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JEFFREY JOEL JUDY,                      )
an individual,                          )
                                        )        CASE NO.: 2:25-cv-779
            Plaintiff,                  )
vs.                                     )
                                        )
CLINTON NATIONAL BANK,                  )
as the Co-Trustee of the GST Non Exempt )
QTIP Trust under the Robert R. Leonard  )
Trust Agreement dated February 14, 2002,)
as amended,                             )
                                        )
and                                     )
                                        )
JACQUELINE BOZZUTO,                     )
as the Co-Trustee of the GST Non Exempt )
QTIP Trust under the Robert R. Leonard  )
Trust Agreement dated February 14, 2002,)
as amended,                             )
                                        )
            Defendants.                 )
_____)

## COMPLAINT
## (INJUNCTIVE RELIEF DEMANDED)

Plaintiff, JEFFREY JOEL JUDY, by and through his undersigned counsel,

hereby files this Complaint and sues CLINTON NATIONAL BANK, as the Co-

Trustee of the GST Non Exempt QTIP Trust under the Robert R. Leonard Trust

Agreement dated February 14, 2002, as amended, and JACQUELINE BOZZUTO,

1

as the Co-Trustee of the GST Non Exempt QTIP Trust under the Robert R. Leonard Trust Agreement dated February 14, 2002, as amended, for injunctive relief, attorneys' fees, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.*, and alleges:

## JURISDICTION AND PARTIES

1.    This is an action for declaratory and injunctive relief pursuant to Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181, *et seq.* (hereinafter referred to as the "ADA"). This Court is vested with original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343.

2.    Venue is proper in this Court pursuant to 28 U.S.C. §1391(b) and the Local Rules of the United States District Court for the Middle District of Florida.

3.    Plaintiff, JEFFREY JOEL JUDY, (hereinafter referred to as "Mr. Judy") is a resident of the State of Florida in Lee County.

4.    Plaintiff was injured in a motorcycle accident and is paralyzed from the waist down. Additionally, Plaintiff is a double leg amputee. Due to his injuries, Mr. Judy is a T8-T9 paraplegic and uses a wheelchair as his primary means of mobility.

5.    Due to his disability, Plaintiff is substantially impaired in several major life activities including walking, standing and bending and requires a wheelchair for mobility.

2

6.      Defendant, CLINTON NATIONAL BANK, serves as the Co-Trustee of the GST Non Exempt QTIP Trust under the Robert R. Leonard Trust Agreement dated February 14, 2002, as amended.  The trust is the owner of the real property and improvements which are the subject of this action, to wit: IHOP, generally located at 12801 S Cleveland Ave, Fort Myers, FL 33907 (the "Property"). Defendant is responsible for complying with the obligations of the ADA.

7.      Defendant, JACQUELINE BOZZUTO, serves as the Co-Trustee of the GST Non Exempt QTIP Trust under the Robert R. Leonard Trust Agreement dated February 14, 2002, as amended.  The trust is the owner of the real property and improvements which are the subject of this action, to wit: IHOP, generally located at 12801 S Cleveland Ave, Fort Myers, FL 33907 (the "Property").  Defendant is responsible for complying with the obligations of the ADA. The Defendant Co-trustees are collectively referenced herein as the "Defendants".

8.      All events giving rise to this lawsuit occurred in the Middle District of Florida, in Lee County, Florida.

## COUNT I - VIOLATION OF TITLE III OF THE AMERICANS WITH DISABILITIES ACT

9.      Plaintiff realleges and reavers the preceding paragraphs as if they were expressly restated herein.

3

10.    The Property, which includes an IHOP restaurant, is consequently a place of public accommodation subject to the ADA.

11.    Plaintiff has visited the Property discussed herein several times over the last year and plans to visit again in the near future because he enjoys the food there. The Property is located about nine (9) miles from Plaintiff's residence which takes approximately twenty (20) minutes to reach by car.  Plaintiff most recently visited and ate at the Property in mid-August, 2025.

12.    During his visits, Plaintiff encountered serious difficulty accessing the goods and utilizing the services therein due to the architectural barriers discussed in this Complaint.

13.    Due to the barriers, Plaintiff has been unable to, and continues to be unable to, enjoy full and equal access to goods and services offered at the Property, owned, leased, and/or operated by Defendants.

14.    Plaintiff desires to visit the Property but fears that he will be subjected to the same architectural barriers which remain at the Property in violation of the ADA.

15.    Defendants are in violation of 42 U.S.C. § 12181 *et seq.* and 28 C.F.R. § 36.304 *et seq.* and are discriminating against Plaintiff due to, but not limited to,

the following barriers to access which Plaintiff personally encountered and which hindered his access:

A.    Plaintiff personally encountered two (2) inaccessible parking spaces designated for disabled use near the entrance to IHOP restaurant due to a large built-up ramp which protrudes into the spaces and shared access aisle of the ADA parking spaces.  The protruding ramps cause slopes well in excess of 1:48 within the ADA spaces and their access aisles. These conditions were a dangerous falling hazard for the Plaintiff as he attempted to park and load into and out of his vehicle on the sloped and obstructed ground surface.

B.    Plaintiff personally encountered another intended ADA parking space in the rear parking lot of the IHOP restaurant which is not accessible due to uneven ground slopes, a faded access aisle and because it is not located along the shortest accessible route to the entrance. These conditions were a dangerous falling hazard for the Plaintiff as he attempted to park and load into and out of his vehicle on the sloped ground surface.  Further, the space is located an unreasonably far distance from the entrance of the restaurant.

C.    Plaintiff personally encountered two (2) inaccessible curb ramps leading from the ADA parking spaces to the Property sidewalk due to

disrepair, excessive running slopes and steep side flare slopes. Additionally, as noted above, the ramp near the front entrance also protrudes into the ADA parking spaces. These conditions were a dangerous falling hazard for the Plaintiff as he attempted to maneuver onto the sidewalk via these ramps.

D.    Plaintiff personally encountered an inaccessible men's restroom at the IHOP restaurant at the Property due to lack of adequate clear floor space in the intended ADA stall. This issue is exacerbated by the stall door which swings into the stall further limiting the available floor space and preventing Plaintiff from entering the stall and closing the door behind him. Additionally, the sinks in the restroom lack pipe insulation which can cause injury to paraplegics such as Plaintiff. Due to these issues, Plaintiff could not safely use the restroom facilities.

16.    To date, the barriers and other violations of the ADA still exist and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA.

16.    Independent of his intent to return as a patron because he enjoys the food and due to its convenient location, Plaintiff additionally intends to return to the Property as an ADA tester to determine whether the barriers to access stated herein have been remedied.

17.   Removal of the barriers to access located on the Property is readily achievable, structurally feasible, and easily accomplishable without placing an undue burden on Defendants.

18.   Removal of the barriers to access located on the Property would allow Plaintiff to fully utilize the goods and services located therein.

19.   Plaintiff has been obligated to retain the undersigned counsel for the filing and prosecution of this action.  Plaintiff is entitled to have his reasonable attorneys' fees, costs, and expenses paid by Defendants pursuant to 42 U.S.C. § 12205.

WHEREFORE, Plaintiff demands judgment against Defendants and requests the following injunctive and declaratory relief:

A.   That this Court declares that the Property owned, leased, and/or operated by Defendants is in violation of the ADA;

B.   That this Court enter an Order directing Defendants to alter their Property to make it accessible to, and useable by, individuals with disabilities to the full extent required by Title III of the ADA;

C.   That this Court enter an Order directing Defendants to evaluate and neutralize their policies and procedures

towards persons with disabilities for such reasonable time so as to allow Defendant to undertake and complete corrective procedures;

D.    That this Court award reasonable attorneys' fees, costs (including expert fees), and other expenses of suit, to Plaintiff; and

E.    That this Court awards such other and further relief as it deems necessary, just and proper.

Date: August 27, 2025

Respectfully Submitted,

KU & MUSSMAN, P.A.
18501 Pines Blvd, Suite 362
Pembroke Pines, Florida 33029
Tel: (305) 891-1322
Fax: (954) 686-3976
Louis@kumussman.com

By: */s/ Louis I. Mussman*
Louis I. Mussman, Esq. (Lead Counsel)
(FL Bar # 597155)